ACCEPTED
12-14-00298-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/3/2015 2:02:39 PM
CATHY LUSK
CLERK

NO. 12-14-00298-CR

IN THE COURT OF APPEALS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/3/2015 2:02:39 PM
CATHY S. LUSK
Clerk

FOR THE TWELFTH DISTRICT OF TEXAS

AT TYLER

ROBERT EUGENE PRITCHETT,

APPELLANT

V.

STATE OF TEXAS

APPELLEE

On appeal from the 273rd Judicial District Court
San Augustine County, Texas
Trial Court Case Number: CR-13-8411

BRIEF OF APPELLEE

J. Kevin Dutton
SBN: 06293900
District Attorney, 1st Judicial District
P.O. Box 714
San Augustine, Texas 75972
(936) 275-9903
(936) 275-9905 fax
ATTORNEY FOR APPELLEE

Oral Argument Not Requested

# Table of Contents

Cover Page

Table of Contents............................................................... 2

Index of Authorities............................................................ 3

Cover Page to Appellee's Brief...................................... 4

Summary of Arguments.............................................. 5

Reply 1...................................................................... 6

Reply 2...................................................................... 7

Reply 3...................................................................... 7

Reply 4...................................................................... 9

Prayer........................................................................ 9

Certificate of Service.................................................10

# Index of Authorities

CASES:

*Arizona v. Youngblood* 488 *U.S. 51, 58, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988)*........ 7

*Buchanan v. State, 52 Tex. Crim. 235, 106 S.W. 134 (Tex. Crim. 1907)*................... 8

*MaLaffey v. State, 937 S.W.2d 51, 53 (Tex. App. – Houston [1ˢᵗ Dist.] 1996, no pet....* 7

*Salazar v. State, 185 S.W. 3d 90, 92 (Tex. App. – San Antonio 2005, no pet.)*........... 7

*Saldana v. State, 783 S.W.2d 22, 23 (Tex. App. – Austin 1990, no pet*................... 7

STATUTES

Texas Code of Crim. Proc. § 36.13 ............................................... 8

Texas Code of Crim, Proc. §36.15.............................................. 8

NO. 12-14-00298-CR

IN THE TWELFTH COURT OF APPEALS OF TEXAS

---

ROBERT EUGENE PRITCHETT

APPELLANT

V.

THE STATE OF TEXAS

APPELLEE

---

On appeal from the 273rd Judicial District Court
San Augustine County, Texas
Trial Court Case Number: CR-13-8411

---

TO THE HONORABLE TWELFTH COURT OF APPEALS OF TEXAS:

COMES NOW, The State of Texas, Appellee, and submits this Appellee's Brief pursuant to the Texas Rules of Appellate Procedure.

4

## SUMMARY OF ARGUMENTS

The State did not withhold material exculpatory evidence. The video was lost or destroyed without any bad faith. The impoundment procedures were moot because the drugs were found in plain view. Reading law to jury is the trial court's province and counsel for Appellant did not even request an instruction to be included in the charge or object to the lack of inclusion. Therefore the judgment of the trial court should be sustained.

# ARGUMENT

## REPLY 1

## THE STATE DID NOT FAIL TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENSE.

Appellant cites the laundry list of cases, which culminate in *Brady*, that place a burden on the State to produce all evidence to the defense. This particularly applies to evidence that is favorable to defense. In this case Appellant sought to obtain documents directly from the police department under a subpoena for business records.

The items sought by the Defense was a written policy on impoundment of vehicles and a video of the stop. The written policy on impoundment, if one exists, may be a matter that would be subject to a business record request, but the video, which is actual evidence of a crime, would not. It should be noted that no request for discovery, general or specific, was served on the prosecutor.

Appellant took no actions to enforce his subpoena. No motion to compel or motion for contempt was filed. The policy on impoundment was a moot issue anyway as the drugs were found in a "plain view" search, not an inventory search.

The failure to turn over the video was not a result of withholding evidence it was a result of a computer crash. (RR Vol. 2 Pg. 73).

Because there were no violations of any Constitutional rights to discovery, Issue 1 should be denied.

## REPLY 2

THE APPELLANT WAS NOT DENIED DUE PROCESS OF LAW WHEN THE VIDEO OF THE STOP WAS LOST OR DESTROYED.

Appellant, to prove the State failed to preserve potentially useful evidence, he must establish that the evidence was (1) material, (2) favorable to the defense, and (3) destroyed in bad faith by the State. *Salazar v. State, 185 S.W. 3d 90, 92 (Tex. App. – San Antonio 2005, no pet.).* Appellant must show bad faith on the part of the police, in order for failure to preserve to constitute a denial of due process. *Arizona v. Youngblood, 488 U.S. 51, 58, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988).* Also, *McLaffey v. State, 937 S.W. 2d 51, 53 (Tex. App. – Houston [1st Dist.] 1996, no pet.).* A showing of negligence on the part of officers is not equivalent to bad faith. *Saldana v. State, 783 S.W. 2d 22, 23 (Tex. App. – Austin 1990, no pet.).*

In this case there is no evidence of bad faith on the part of the police. The only evidence was of a computer crash. (RR. Vol. 2, Pg. 73). Therefore, Issue 2 should be denied.

## REPLY 3

7

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY SUSTAINING THE STATE'S OBJECTION TO THE DEFENSE SEEKING TO READ A SECTION OF THE TRANSPORTATION CODE TO THE JURY.

Counsel for the Appellant sought to read a section of the Transportation Code to the jury during the trial. The State objected and the Court sustained the objection. The reading of law to a jury is a matter largely within the sound legal discretion of the trial court, and will not constitute cause for reversal except where the matter shows clear abuse and has brought about at least probable injury. *Buchanan v. State, 52 Tex. Crim 235, 106 S.W. 134 (Tex. Crim 1907).*

The jury is the exclusive judge of the facts, but is bound to receive the law from the court and be governed thereby. (Tex. C.C.P. §36.13). Before the court reads its charge, counsel for the defense can request instructions or law in writing or by dictating into the record. (Tex. C.C.P. §36.15).

The Appellant wanted to read the law as it applies to stopping at an intersection controlled by a stop sign to the jury during the trial, not during argument. The Court in sustaining the State's objection said that he would give the jury the law in his charge.

Appellant made no request for an instruction concerning the law to be included in the Court's charge and made no objection to it not being included in the Court's charge.

Therefore Issue 3 should be denied.

## REPLY 4

## THERE IS NO REVERSIBLE ERROR DUE TO THE IMPOUNDMENT OR INVENTORY SEARCH, AS THE DRUGS WERE FOUND IN PLAIN VIEW.

This reply applies to both Issue 4 and Issue 5.

Appellant claims his rights were violated by the impoundment of the vehicle when there was an alternative means of protecting the vehicle available. This would be true if the drugs were found because of the inventory search. That would make the evidence the fruit of an improper search and not admissible. That is not true in the case here, the drugs were found in plain view. (RR. Vol. 3 pg. 12).

Therefore Issues 4 and 5 should be denied.

## PRAYER

The State of Texas prays this Honorable Court affirm the judgment of the Trial Court.

Respectfully submitted,
/s/ J. Kevin Dutton
J. Kevin Dutton
SBN: 06293900
District Attorney, 1st Judicial District
P.O. Box 714
San Augustine, Texas 75972
(936) 275-9903
(936) 275-9905 fax
Email: districtattorney@co.san-augustine.tx.us

9

## CERTIFICATE OF SERVICE

I, J. Kevin Dutton, certify that the foregoing instrument was sent by mail to

Donovan Dudinsky, Attorney for Appellant, on this the 3rd day of February, 2015.


/s/ J. Kevin Dutton
J. Kevin Dutton


## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P.

9.4(e) because it has been prepared in a conventional typeface no smaller than 14-

point for text and 12-point for footnotes. This document also complies with the

word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains

867 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).


/s/ J. Kevin Dutton
J. Kevin Dutton